UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-60315-CIV-ZLOCH

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

vs.

W. ANTHONY HUFF, DANNY L.
PIXLER, ANTHONY R. RUSSO,
OTHA RAY MCCARTHA, and
CHARLES J. SPINELLI,

      Defendants,

and

SHERI HUFF, ROXANN PIXLER,
MIDWEST MERGER MANAGEMENT, LLC,
and BRENTWOOD CAPITAL
CORPORATION,

      Relief Defendants.

_____/

**FINAL JUDGMENT AND PERMANENT
INJUNCTION AS TO
DEFENDANT CHARLES J. SPINELLI**

THIS MATTER is before the Court upon the Notice Of Consent Of Defendant Charles J. Spinelli To Final Judgment And Permanent Injunction (DE 3).  The Court has carefully reviewed said Notice and the entire court file and is otherwise fully advised in the premises.

Plaintiff Securities and Exchange Commission (hereinafter "the SEC") commenced the above-styled cause with the filing of its Complaint (DE 1) against, among others, Defendant Charles J. Spinelli.  In said Complaint, the SEC sought relief including a permanent injunction to prohibit any violation by Defendant Charles J. Spinelli of Section 10(b) of the Securities Exchange Act of

1934, 15 U.S.C. § 78j(b) (hereinafter "Exchange Act"); and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; an order imposing an officer and director bar pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2); and an order barring Defendant Charles J. Spinelli from participating in the offering, issuing, trading, or inducement of an offer or sale of penny stock, as defined by Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d), and Exchange Act Rule 3a51-7, 17 C.F.R. § 240.3a51-1.

Defendant Charles J. Spinelli, by the instant Notice (DE 3), without admitting or denying any of the allegations in the SEC's Complaint (DE 1) or any other paper filed herein, except as to the jurisdiction of the Court, has agreed to the entry of this Final Judgment and Permanent Injunction.  The Court has jurisdiction over Defendant Charles J. Spinelli and the subject matter hereof.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that pursuant to Federal Rule of Civil Procedure 58, Final Judgment And Permanent Injunction be and the same is hereby **ENTERED** for Plaintiff Securities And Exchange Commission and against Defendant Charles J. Spinelli as follows:

I. <u>Violation Of Section 10(b) Of The Exchange Act</u>
<u>And Rule 10b-5 Thereunder</u>

Defendant Charles J. Spinelli, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment

2

And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

a. employing any device, scheme, or artifice to defraud;

b. making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. engaging in any act, practice, or course of business that operates or would operate as fraud or deceit upon any person

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

## II. Officer And Director Bar

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant Charles J. Spinelli be and the same is hereby permanently barred from acting as an officer or director of any issuer that has a class of securities registered with the SEC pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. §

78*o*(d).

### III.   Penny Stock Bar

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Charles J. Spinelli be and the same is hereby permanently **ENJOINED** from participating in an offering of penny stock, including engaging in activities as a promoter, finder, consultant, agent, or other person who engages in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  For the purposes of this Order, a penny stock is defined as any equity security that has a price less than five dollars ($5.00), except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

### IV.  Incorporation Of Spinelli's Consent

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Defendant Charles J. Spinelli (DE 3) is incorporated herein with the same force and effect as if fully set forth herein, and that Spinelli will comply with all of the undertakings and agreements set forth therein.

### V.   Retention of Jurisdiction

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court will retain jurisdiction of the above-styled cause for the purposes of enforcing the terms of this Final Judgment And Permanent Injunction.

### VI.  Rule 54(b) Certification

**IT IS FURTHER ORDERED AND ADJUDGED** that, there being no just

4

reason for delay, pursuant to Federal Rule of Civil Procedure 54(b) the Clerk be and the same is hereby **DIRECTED** to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of May, 2008.

_____

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record