```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO.  08-60315-CIV-ZLOCH
```

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

vs.

**FINAL JUDGMENT AND PERMANENT
INJUNCTION AS TO
DEFENDANT DANNY L. PIXLER**

W. ANTHONY HUFF, DANNY L.
PIXLER, ANTHONY R. RUSSO,
OTHA RAY MCCARTHA, and
CHARLES J. SPINELLI,

      Defendants,

and

SHERI HUFF, ROXANN PIXLER,
MIDWEST MERGER MANAGEMENT, LLC,
and BRENTWOOD CAPITAL
CORPORATION,

      Relief Defendants.
_____/

      THIS MATTER is before the Court upon Plaintiff Securities And Exchange Commission's Motion To Approve Consent Judgment Of Defendant Danny L. Pixler (DE 17).  The Court has carefully reviewed said Notice and the entire court file and is otherwise fully advised in the premises.

      Plaintiff Securities and Exchange Commission (hereinafter "the SEC") commenced the above-styled cause with the filing of its Complaint (DE 1) against, among others, Defendant Danny L. Pixler. In said Complaint, the SEC sought relief including a permanent injunction to prohibit any violation by Defendant Danny L. Pixler of Section 17 (a) of the Securities Act of 1933, 15 U.S.C. § 77q(a)

(hereinafter "Securities Act"); Sections 10(b) and 13(b)(5) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) & 78m(b)(5) (hereinafter "Exchange Act"); and Rules 10b-5, 13a-14, 13b2-1, 13b-2-2 thereunder, 17 C.F.R. §§ 240.10b-5, 240.13a-13, 240.13b2-1, 240.13b2-2; an order prohibiting the aiding and abetting any violation of Sections 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(a), 78m(b)(2)(A), & 78m(b)(2)(B); and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, & 240.13a-13; an order imposing an officer and director bar pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2); and an order barring Defendant Danny L. Pixler from participating in the offering of penny stock, as defined by Rule 3a51-7 of the Exchange Act, 17 C.F.R. § 240.3a51-1.

Defendant Danny L. Pixler, by executing the Consent Of Defendant Danny L. Pixler (DE 17, Ex. A), without admitting or denying any of the allegations in the SEC's Complaint (DE 1) or any other paper filed herein, except as to the jurisdiction of the Court, has agreed to the entry of this Final Judgment and Permanent Injunction as to the aforementioned areas.  The Court has jurisdiction over Defendant Danny L. Pixler and the subject matter hereof.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff Securities And Exchange Commission's Motion To Approve Consent Judgment Of Defendant Danny L. Pixler (DE 17) be

and the same is hereby **GRANTED**; and

    2. That pursuant to Federal Rule of Civil Procedure 58, Final Judgment And Permanent Injunction be and the same is hereby **ENTERED** for Plaintiff Securities And Exchange Commission and against Defendant Danny L. Pixler as follows:

    I.  <u>Violation Of Section 17(a) of the Securities Act</u>

    Defendant Danny L. Pixler, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a) (2006), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

    a. to employ any device, scheme, or artifice to defraud;

    b. to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. to engage in any transaction, practice, or course of business that operates or would operate as a fraud or deceit

upon the purchaser.

## II. Violation Of Section 10(b) Of The Exchange Act And Rule 10b-5 Thereunder

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Danny L. Pixler, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, from violating Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) (2006), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5 (2008), in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

a. to employ any device, scheme, or artifice to defraud;

b. to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. to engage in any act, practice, or course of business that operates or would operate as fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

III. <u>Violation Of Section 13(b)(5) Of The Exchange Act And Rules 13a-14, 13b2-1, And 13b2-2 Thereunder</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Danny L. Pixler, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from

> a. knowingly circumventing or failing to implement a system of internal accounting controls or falsifying books, records, or accounts in violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5);
>
> b. causing to be falsified or falsifying books, records, or accounts subject to Section 13(b)(2) of the Exchange Act in violation of Rule 13b2-1 of the Exchange Act, 17 C.F.R. § 240.13b2-1;
>
> c. causing to be made or making, as an officer or director of an issuer, in connection with the preparation of an audit, review, or examination of the financial statements of the issuer, or the preparation or filing of any document or report required to be filed with the Securities and Exchange Commission, misrepresentations or omissions to an accountant, in violation of Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2; and
>
> d. causing to be made or making, as an officer or director of

5

an issuer, in connection with each annual and quarterly reports, a false certification in violation of Rule 13a-14 of the Exchange Act, 17 C.F.R. § 240.13a-14.

IV. <u>Aiding And Abetting Violation Of Section 13(a) Of The Exchange Act And Rules 12b-20 And 13a-1 Thereunder</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Danny L. Pixler, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m, and Rules 12b-20 and 13a-1, 17 C.F.R. § 240.12b-20 and 240.13a-1, by knowingly providing substantial assistance to an issuer that fails to file reports with the Securities and Exchange Commission that accurately reflect its financial performance.

V. <u>Aiding And Abetting Violation Of Sections 13(b)(2)(A) And 13(b)(2)(B) Of The Exchange Act And Rule 13a-13 Thereunder</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Danny L. Pixler, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from aiding and abetting any violation of

Section 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A) and 78m(b)(2)(B), and Rule 13a-13, 17 C.F.R. §§ 240.13a-13, by knowingly providing substantial assistance to an issuer that fails to

> a. make and keep books, records, and accounts that, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer;
>
> b. devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:
>
>> i. transactions are executed in accordance with management's general or specific authorization;
>>
>> ii. transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;
>>
>> iii. access to assets is permitted only in accordance with management's general or specific authorization; and
>>
>> iv. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

### VI. Officer And Director Bar

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Defendant

7

Danny L. Pixler be and the same is hereby permanently barred from acting as an officer or director of any issuer that has a class of securities registered with the Securities and Exchange Commission pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78*l*, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78*o*(d).

## VII.   Penny Stock Bar

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Danny L. Pixler be and the same is hereby permanently **ENJOINED** from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock.  For the purposes of this Order, a penny stock is defined as any equity security that has a price less than five dollars ($5.00), except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## VIII.   Disgorgement And Civil Penalty

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Danny L. Pixler shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuatn to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d) of the Exchange Act, 15 U.S.C. § 78u(d).  If the Parties are unable to reach an agreement, the Court will determine the amounts of the disgorgement, prejudgment interest, and civil penalty based on the rate of interest used by the Internal Revenue Service for the

underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with any motion for disgorgement, prejudgment interest, and civil penalty filed by the SEC, and at any hearing held on such a motion: (a) Defendant Danny L. Pixler will be precluded from arguing that he did not violate the federal securities laws as alleged in the Amended Complaint; (b) Pixler may not challenge the validity of the Consent (DE 17, Ex. A) or this Final Judgment And Permanent Injunction; (c) solely for the purposes of such motion for disgorgement, the allegations of the Amended Complaint will be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards of summary judgment contained in Federal Rule of Civil Procedure 56(c).  In connection with any motion for disgorgement, prejudgment interest, and civil penalties filed by the SEC, the Parties may take discovery, including discovery from appropriate non-parties.

### IX. Incorporation Of Pixler's Consent

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Defendant Danny L. Pixler (DE 17, Ex. A) is incorporated herein with the same force and effect as if fully set forth herein, and that Pixler will comply with all of the undertakings and agreements set forth therein.

9

## X. Retention of Jurisdiction

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court will retain jurisdiction of the above-styled cause for the purposes of enforcing the terms of this Final Judgment And Permanent Injunction.

## XI. Rule 54(b) Certification

**IT IS FURTHER ORDERED AND ADJUDGED** that, there being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b) the Clerk be and the same is hereby **DIRECTED** to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___7th___ day of May, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record