```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                  CASE NO. 08-60315-CIV-ZLOCH
```

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,

vs.

**FINAL JUDGMENT AND PERMANENT INJUNCTION AS TO DEFENDANT ANTHONY R. RUSSO**

W. ANTHONY HUFF, DANNY L.
PIXLER, ANTHONY R. RUSSO,
OTHA RAY MCCARTHA, and
CHARLES J. SPINELLI,

       Defendants,

and

SHERI HUFF, ROXANN PIXLER,
MIDWEST MERGER MANAGEMENT, LLC,
and BRENTWOOD CAPITAL
CORPORATION,

       Relief Defendants.
_____/

      THIS MATTER is before the Court upon the Notice Of Consent Of Defendant Anthony R. Russo To Final Judgment And Permanent Injunction (DE 73). The Court has carefully reviewed said Notice and the entire court file and is otherwise fully advised in the premises.

      Plaintiff Securities and Exchange Commission (hereinafter "the SEC") commenced the above-styled cause with the filing of its Complaint (DE 1) against, among others, Defendant Anthony R. Russo. In said Complaint, the SEC sought relief including a permanent injunction to prohibit any violation by Defendant Anthony R. Russo of Sections 10(b) and 13(b)(5) of the Securities Exchange Act of

1934, 15 U.S.C. §§ 78j(b), 78m(b)(5) (hereinafter "Exchange Act"); and Rules 10b-5, 13a-14, 13b2-1, and 13b2-2 thereunder, 17 C.F.R. §§ 240.10b-5, 240.13a-14, 240.13b2-1, & 240.13b2-2; and the aiding and abetting of any violations of Sections 13(a) and 13(b)(2)(A), and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(a), 78m(b)(2)(a), and 78m(b)(2)(b), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13; an order imposing an officer and director bar pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2); and an order barring Defendant Anthony R. Russo from participating in the offering, issuing, trading, or inducement of an offer or sale of penny stock, as defined by Exchange Act Rule 3a51-1, 17 C.F.R. § 240.3a51-1.

Defendant Anthony R. Russo, by the instant Notice (DE 73), without admitting or denying any of the allegations in the SEC's Complaint (DE 1) or any other paper filed herein, except as to the jurisdiction of the Court, has agreed to the entry of this Final Judgment and Permanent Injunction.  The Court has jurisdiction over Defendant Anthony R. Russo and the subject matter hereof.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that, pursuant to Federal Rule of Civil Procedure 58, Final Judgment And Permanent Injunction be and the same is hereby **ENTERED** in favor of Plaintiff Securities And Exchange Commission and against Defendant Anthony R. Russo as

follows:

## I. Violation Of Section 10(b) Of The Exchange Act And Rule 10b-5 Thereunder

Defendant Anthony R. Russo, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

    a. employing any device, scheme, or artifice to defraud;

    b. making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    c. engaging in any act, practice, or course of business that operates or would operate as fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder.

## II. Violation of Section 13(b)(5) of the Exchange Act

<u>and Rules 13a-14, 13b2-2, and 13b2-2 Thereunder</u>

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Anthony R. Russo, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from knowingly, willfully, or recklessly, directly or indirectly, singly or in concert, as aiders and abettors or otherwise:

    a. knowingly circumventing or failing to implement a system of internal accounting controls or falsifying books, records, or accounts in violation of Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5);

    b. falsifying or causing to be falsified books, records, or accounts subject to Section 13(b)(2) of the Exchange Act in violation of Rule 13b2-1 thereunder, 17 C.F.R. § 240.13b2-1;

    c. making or causing to be made, as an officer or director of an issuer, in connection with the preparation of an audit, review, or examination fo the financial statements of the issuer, or the preparation or filing of any document or report required to be filed with the Commission, misrepresentations or omissions to an accountant, in violation of Rule 13b2-2 of the Exchange Act, 17 C.F.R. § 240.13b2-2; and

   d. making or causing to be made, as an officer and director of an issuer, in connection with each annual and quarterly reports, a false certification in violation of Rule 13a-14 of the Exchange Act, 17 C.F.R. § 240.13a-14.

### III. Aiding and Abetting Violations of Section 13(a) of the Exchange Act and Rules 12b-20 and 13a-1 Thereunder

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Anthony R. Russo, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m, and Rules 12b-20 and 13a-1 thereunder, 17 C.F.R. §§ 240.12b-20 & 240.13a-1, by knowingly providing substantial assistance to an issuer that fails to file reports with the SEC that accurately reflect its financial performance.

### IV. Aiding and Abetting Violations of Sections 13(b)(2)(A), 13(b)(2)(B) of the Exchange Act and Rule 13a-13 Thereunder

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Anthony R. Russo, his agents, officers, servants, employees, attorneys, representatives, and all persons in active concert or participation with him, and each said person, directly or indirectly, who

receives actual notice of this Final Judgment And Permanent Injunction, by personal service or otherwise, be and hereby are permanently **ENJOINED** from aiding and abetting any violation of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act, 15 U.S.C. §§ 78m(b)(2)(A), 78m(b)(2)(B), and Rule 13a-13 thereunder, 17 C.F.R. § 240.13a-13, by knowingly providing substantial assistance to an issuer that fails to:

   a. make and keep books, records, and accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of any issuer; and

   b. devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that:

      i. transactions are executed in accordance with management's general or specific authorization;

      ii. transactions are recorded as necessary (I) to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements, and (II) to maintain accountability for assets;

      iii. access to assets is permitted only in accordance with management's general or specific authorization; and

      iv. the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any

differences.

## V. Penny Stock Bar

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Anthony R. Russo be and the same is hereby permanently **ENJOINED** from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. For the purposes of this Order, a penny stock is defined as any equity security that has a price less than five dollars ($5.00), except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R. § 240.3a51-1.

## VI. Disgorgement and Prejudgment Interest

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Anthony R. Russo shall pay disgorgement in the amount of $90,000.00, representing the ill-gotten gains he received as a result of his violations of the federal securities laws, and, in addition, Defendant Anthony R. Russo shall pay prejudgment interest in the amount of $2,491.88, for all of which let execution issue.

## VII. Payment Instructions for Disgorgement and Prejudgment Interest

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Anthony R. Russo shall pay the disgorgement and prejudgment interest thereon ordered herein within thirty (30) days after the entry of this Final Judgment And Permanent Injunction by sending a U.S. postal money order, certified check, bank cashier's check, or bank money

order payable to the Securities and Exchange Commission.  Payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Russo as a defendant in this action, setting forth the title and case number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment And Permanent Injunction. Defendant Russo shall send a copy of the letter and payment form to Christopher E. Martin, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.  Russo shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

### VIII. Civil Money Penalty

**IT IS FURTHER ORDERED AND ADJUDGED** that pursuant to Section 21(d)(3) of the Exchange Act, Defendant Anthony R. Russo is hereby ordered to pay a civil money penalty in the amount of $90,000.00, for all of which let execution issue.

### IX. Payment Instructions for Civil Money Penalty

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Anthony R. Russo shall pay the $90,000.00 civil money penalty ordered herein, plus post-judgment interest thereon, which shall start accruing

thirty (30) days after the entry of this Final Judgment And Permanent Injunction, by transmitting the following payments on the dates specified herein ("Payment Plan"): (a) 10 days after entry of this Final Judgment And Permanent Injunction, Defendant Anthony R. Russo shall pay $10,000.00, which has been escrowed by his Counsel Dennis Nowak, Esq.; (b) 180 days after entry of this Final Judgment And Permanent Injunction, Defendant Anthony R. Russo shall pay $40,000.00, plus post-judgment interest thereon that has accrued at the statutory rate; and (c) 270 days after entry of this Final Judgment And Permanent Injunction, Defendant Anthony R. Russo shall pay $40,000.00, plus post-judgment interest thereon that has accrued at the statutory rate.

If Defendant Anthony R. Russo fails to pay any single payment, or part thereof, within fourteen days of the time specified for such payment, as described above, the Payment Plan terms of this Section shall no longer apply, and the full amount of Russo's remaining balance of civil penalty and post-judgment interest due under the Payment Plan shall be immediately due, owing, and payable, with post-judgment interest accruing thereon at the statutory rate.

All payments made by Russo toward satisfying the civil money penalty shall be made by sending a U.S. postal money order, certified check, bank cashier's check, or bank money order payable to the Securities and Exchange Commission.  The payment shall be

delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Russo as a defendant in this action, setting forth the title and case number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment And Permanent Injunction.  Russo shall send a copy of the letter and payment form to: Christopher E. Martin, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.  Russo shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

Russo shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amount he pays pursuant to this Final Judgment And Permanent Injunction, regardless of whether such penalty amounts or any party thereof are added to a distribution fund or otherwise used for the benefit of investors.  Russo further shall not claim, assert, or apply for tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts he pays pursuant to this Final Judgment And Permanent

Injunction, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

### X. Incorporation Of Russo's Consent

**IT IS FURTHER ORDERED AND ADJUDGED** that the Consent of Defendant Anthony R. Russo (DE 73) is incorporated herein with the same force and effect as if fully set forth herein, and that Russo will comply with all of the undertakings and agreements set forth therein.

### XI. Retention of Jurisdiction

**IT IS FURTHER ORDERED AND ADJUDGED** that the Court will retain jurisdiction of the above-styled cause for the purposes of enforcing the terms of this Final Judgment And Permanent Injunction.

### XII. Rule 54(b) Certification

**IT IS FURTHER ORDERED AND ADJUDGED** that, there being no just reason for delay, pursuant to Federal Rule of Civil Procedure 54(b) the Clerk be and the same is hereby **DIRECTED** to enter this Final Judgment forthwith and without further notice.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this __15th__ day of May, 2009.



WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record