UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60315-CIV-ROSENBAUM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

W. ANTHONY HUFF,
DANNY L. PIXLER,
ANTHONY R. RUSSO,
OTHA RAY MCCARTHA, and
CHARLES J. SPINELLI,

        Defendants,

SHERI HUFF, ROXANN PIXLER,
MIDWEST MERGER MANAGEMENT, LLC, and
BRENTWOOD CAPITAL CORPORATION,

        Relief Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendant Anthony Huff's and Relief Defendant Sheri Huff's Motion for Order Enjoining Investigation and Quashing Administrative Subpoenas Issued by Plaintiff and for Other Equitable Relief [D.E. 173] (the "Huffs' Motion"). Upon review of Defendant Anthony Huff's and Relief Defendant Sheri Huff's Reply to Plaintiff's Response to Motion for Order Enjoining Investigation and Quashing Administrative Subpoenas Issued by Plaintiff and for Other Equitable Relief [D.E. 182], the Court notes that in contravention of Local Rule 7.1.C, S.D. Fla., the Huffs have, for the first time, raised new arguments in their Reply brief, which cannot fairly be considered to be "strictly limited to rebuttal of matters raised in [the SEC's

Response to the Huffs' Motion]."[1]  *Id.*; *see also* D.E. 182 at 1-6.  For this reason alone, the Court would act well within its discretion to strike the Reply brief *sua sponte*.  Because the new arguments purport to raise constitutional issues, however, the Court will not take this step.

Nevertheless, fairness dictates that the SEC should have an opportunity to respond to the arguments raised by the Huffs for the first time in their Reply brief.  Consequently, the SEC shall have until **5:00 p.m., Wednesday, October 7, 2009**, to file a sur-reply, should it desire to do so.  The SEC shall limit its sur-reply to addressing those matters discussed at pages 1 through 6 of the Huffs' Reply.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida this 2nd day of October, 2009.

**ROBIN S. ROSENBAUM**
**UNITED STATES MAGISTRATE JUDGE**

cc:   All Counsel and Parties of Record

---

[1] Although the Huffs describe these new arguments as "[i]mplicit in the argument made to the Court on September 25, 2009," D.E. 182 at 2, the Court disagrees with that characterization.  The Court held the September 25th telephonic hearing in response to the Huffs' emergency request for a hearing on their pending Motion.  Because the SEC had not yet had a chance to respond to the Huffs' Motion, the Court essentially limited that hearing to setting an expedited briefing schedule and maintaining the status quo while the Huffs' Motion was pending.  The Court did not entertain argument on the merits of the Huffs' Motion, and the Court recalls the Huffs making no constitutional arguments during the September 25th hearing.  Nor does the SEC's response to the Huffs' Motion, filed a week after the September 25th hearing, address any constitutional arguments, thereby suggesting that the SEC did not understand the Huffs to make the constitutional arguments appearing in the first six pages of their Reply.