UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60315-CIV-ROSENBAUM

SECURITIES AND EXCHANGE COMMISSION,

     Plaintiff,

v.

W. ANTHONY HUFF,
DANNY L. PIXLER,
ANTHONY R. RUSSO,
OTHA RAY MCCARTHA, and
CHARLES J. SPINELLI,

     Defendants,

SHERI HUFF, ROXANN PIXLER,
MIDWEST MERGER MANAGEMENT, LLC, and
BRENTWOOD CAPITAL CORPORATION,

     Relief Defendants.
_____/

## ORDER

This matter comes before the Court upon Plaintiff United States Securities and Exchange Commission's Motions *In Limine* to Preclude Evidence of O2HR, LLC Transaction [D.E. 144], to Preclude Evidence of Bankruptcy Court Rulings, Releases or Statements by the Bankruptcy Judge, Settlements, and Information Learned During Mediations or Settlement Discussions [D.E. 145], and to Preclude Evidence that Defendant W. Anthony Huff Was Absolved of Any Criminality, Had Done Nothing Wrong Regarding Prior Criminal Judgment Against Him or Otherwise Collaterally Attack His Felony Convictions [D.E. 148], and Defendant W. Anthony Huff and Relief Defendants Sheri Huff, Roxann Pixler, and Midwest Merger Management, LLC's Motion *In Limine* [D.E. 172].

The Court has reviewed all of the Motions *In Limine*, all filings in support thereof and in opposition thereto, and the record, and is otherwise duly advised in the premises, and has announced its rulings on the Motions *In Limine* and explained the bases for such rulings at the Calendar Call in this matter held on February 8, 2010.  This Order serves to memorialize those rulings.

1. Plaintiff's Motion *In Limine* to Preclude Evidence of O2HR, LLC, Transaction [D.E. 144] is hereby **GRANTED IN PART and DENIED IN PART.**  The Motion is granted to the extent that it seeks to preclude evidence of the O2HR, LLC, Transaction as it relates to liability on the underlying claims.  It is denied without prejudice to renew as it relates to any issues of remedies;

2. Plaintiff's Motion *In Limine* to Preclude Evidence of Bankruptcy Court Rulings, Releases or Statements by the Bankruptcy Judge, Settlements, and Information Learned During Mediations or Settlement Discussions [D.E. 145], is hereby **GRANTED IN PART and DENIED IN PART.**  The Motion is granted to the extent that it seeks to preclude evidence of all information sought to be precluded as it relates to liability on the underlying claims.  It is denied without prejudice to renew as it relates to any issues of remedies;

3. Plaintiff's Motion *In Limine* to Preclude Evidence that Defendant W. Anthony Huff Was Absolved of Any Criminality, Had Done Nothing Wrong Regarding Prior Criminal Judgment Against Him or Otherwise Collaterally Attack His Felony Convictions [D.E. 148] is hereby **GRANTED IN PART and DENIED IN PART**.  The Motion is granted to the extent that the SEC seeks to use the conviction only for purposes of establishing that an indictment or conviction should have been disclosed.

It is denied without prejudice to renew to the extent that the SEC attempts to use any felony convictions against Defendant Huff for purposes of impeachment or any other purpose; and

4. Defendant W. Anthony Huff and Relief Defendants Sheri Huff, Roxann Pixler, and Midwest Merger Management, LLC's Motion *In Limine* [D.E. 172] is **GRANTED IN PART and DENIED IN PART**. It is granted to the extent that it seeks to preclude reference to Danny Pixler's criminal conviction except as allowed under Rule 609, Fed. R. Evid. It is denied to the extent that it seeks to preclude reference to Defendant W. Anthony Huff's involvement with US Trucking, his insurance disciplinary history, and his prior criminal indictment and conviction. It is further denied without prejudice to renew to the extent that it seeks to preclude the SEC from presenting evidence it has gained through avenues other than its investigation against Certified.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 8th day of February, 2010.

*[signature]*
**ROBIN S. ROSENBAUM**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel and Parties of Record