UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60315-CIV-ROSENBAUM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

W. ANTHONY HUFF,
DANNY L. PIXLER,
ANTHONY R. RUSSO,
OTHA RAY MCCARTHA, and
CHARLES J. SPINELLI,

Defendants,

SHERI HUFF, ROXANN PIXLER,
MIDWEST MERGER MANAGEMENT, LLC, and
BRENTWOOD CAPITAL CORPORATION,

Relief Defendants.

_____/

**ORDER**

This matter comes before the Court upon Defendant W. Anthony Huff and Relief

Defendants Sheri Huff, Roxann Pixler, and Midwest Merger Management, LLC's Motion for

Reconsideration of Order Denying Renewed Motion to Dismiss [D.E. 232].  The Court has

reviewed Defendant and Relief Defendants' Motion, and is otherwise duly advised in the premises,

and now denies Defendant and Relief Defendants' Motion.

"[R]econsideration of a previous order is an extraordinary remedy to be employed

sparingly."  *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla.

2002) (citing *Mannings v. School Board of Hillsborough County*, 149 F.R.D. 235, 235 (M.D. Fla.

1993)). "The 'purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* at 1369 (S.D. Fla. 2002) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).   Three major grounds justify reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.*, 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); *Sussman v. Salem Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla 1994)).

Here, Defendant and Relief Defendants do not specify under which of the three bases they seek reconsideration, but the Court interprets their Motion as requesting reconsideration because of the need to correct clear error or prevent manifest injustice.  In their Motion, Defendant and Relief Defendants point to the Court's statement in its February 8, 2010, Order [D.E. 229] that Defendant and Relief Defendants waited too long to renew their Motions to Dismiss, *see* D.E. 232 at 1-2 (quoting D.E. 229), and assert that they did, in fact, renew their Motions to Dismiss in their Unilateral Pretrial Stipulation [D.E. 126] filed on August 28, 2009.  *See* D.E. 232 at 2.  Thus, Defendant and Relief Defendants reason, the Court's basis for denying the Renewed Motions fails.

This Court does not agree.  While the Court is aware that Defendant and Relief Defendants stated in their Unilateral Pretrial Stipulation [D.E. 126] filed on August 28, 2009, the Joint Pretrial Stipulation filed on February 4, 2010 [D.E. 217] clearly states that Defendants and Relief Defendants "renew their respective motions to dismiss."  D.E. 217 at 9.  It does not indicate that they had previously renewed their motions to dismiss, despite the fact that the entry appears under a section entitled, "Pending Motions and Other Matters Requiring Action by the Court."  *See id.* Indeed, this fact demonstrates that even Defendant and Relief Defendants viewed their one

statement in their Unilateral Pretrial Stipulation filed on August 28, 2009 [D.E. 126], purporting to renew their Motions to Dismiss, as no longer pending.  In this regard, the CM/ECF system has never reflected that Defendant and Relief Defendants' Motions were renewed as of August 28, 2009, and Defendant and Relief Defendants themselves have never done anything until they filed their Motion for Reconsideration to suggest to the Court that they viewed their August 28, 2009, attempt to renew their Motions to Dismiss as still pending.  In view of the fact that as of the time that Defendant and Relief Defendants purported to renew their Motions to Dismiss on August 28, 2009, the time had expired for them to do so under the Order for Pre-trial Conference [D.E. 58] then governing the case, it was reasonable for Defendant and Relief Defendants – as well as this Court – to have construed their attempt to renew their Motions to Dismiss as implicitly denied.  The Court therefore respectfully rejects Defendant and Relief Defendants' last-minute February 4, 2010, attempt to renew motions that should have been filed no later than December 10, 2009.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 9th day of February, 2010.

_____
**ROBIN S. ROSENBAUM**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel and Parties of Record