UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60315-CIV-ROSENBAUM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

W. ANTHONY HUFF,
DANNY L. PIXLER,
ANTHONY R. RUSSO,
OTHA RAY MCCARTHA, and
CHARLES J. SPINELLI,

        Defendants,

SHERI HUFF, ROXANN PIXLER,
MIDWEST MERGER MANAGEMENT, LLC, and
BRENTWOOD CAPITAL CORPORATION,

        Relief Defendants.
_____/

## ORDER

This matter comes before the Court upon Defendant W. Anthony Huff and Relief Defendants Sheri Huff, Roxann Pixler, and Midwest Merger Management, LLC's Motion *in Limine* on Issue of Expert Testimony [D.E. 224] and Plaintiff Securities and Exchange Commission's Motion for a *Daubert* Hearing to Exclude the Opinions of Expert Witness Wayne Stratton [D.E. 230]. As the parties are aware, the Court has set aside time on Friday, February 12, 2010, for a hearing on these Motions.

Upon review of the Motions in preparation for the hearing, however, the Court notes that each Motion appears to address proposed expert witness opinions that may include those provided

prior to the August 21, 2009, deadline, and those more recently provided. With regard to any expert witness opinions provided prior to August 21, 2009, the Court will not entertain any motion *in limine* challenges. Pursuant to the Order for Pre-trial Conference entered in this case by Judge Zloch [D.E. 58], the deadline for submitting motions *in limine* fell five days prior to the then-scheduled pre-trial conference. Subsequently, Judge Zloch reset the pre-trial conference for September 11, 2009, and extended the deadline for submitting motions *in limine* to five days prior to that conference. *See* D.E. 90. The SEC timely filed all of its motions *in limine*, other than the one at issue here, as of September 3, 2009. *See* D.E. 144 - D.E. 148. After the parties consented to magistrate judge jurisdiction, this Court held a status conference at which the Court agreed to allow Defendant and Relief Defendants to file any motions *in limine* by September 19, 2009. *See* D.E. 166, D.E. 167, D.E. 210 at 13-16. During the status conference, the Court made it clear that all motions *in limine* had to be filed by that time. *See* D.E. 210 at 13-16. Defendant and Relief Defendants did, in fact, file such a motion *in limine*. *See* D.E. 172.

Between September 19, 2009, and February 5, 2010, when Defendant and Relief Defendants filed their pending Motion *in Limine*, Defendant and Relief Defendants filed no other motions *in limine*. Nor did Defendant and Relief Defendants present any reason why they could not have filed a motion *in limine* challenging aspects of the SEC's proposed expert witness R. David Wallace prior to February 5, 2010. While review of Defendant and Relief Defendants' pending Motion reveals that they challenge certain information that they became aware of in late January, Defendant and Relief Defendants' Motion *in Limine* does not explain why the Court should consider any challenges to the original expert report and supplemental expert report provided by the SEC nearly a month prior to the deadline that the Court extended for Defendant and Relief Defendants' submission of

their motions *in limine*. Under these circumstances, the Court will not entertain any motion *in limine* challenges to any information disclosed or opinions specified in the original and supplemental expert reports timely provided by the SEC well in advance of the deadline for filing motions *in limine*. Similarly, to the extent that the SEC seeks to challenge any aspect of any information disclosed or opinions presented by Wayne Stratton in his timely filed expert report, the Court will not consider such motion *in limine* objections. The hearing on any post-September 19, 2009, proposed expert opinions and information, however, will occur as scheduled.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 10th day of February, 2010.

**ROBIN S. ROSENBAUM**
**UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel and Parties of Record