UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60315-CIV-ROSENBAUM

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

W. ANTHONY HUFF,

        Defendants,

SHERI HUFF, ROXANN PIXLER, and
MIDWEST MERGER MANAGEMENT, LLC,

        Relief Defendants.
_____/

## ORDER

This matter comes before the Court upon Plaintiff Securities and Exchange Commission's Motion to Strike Motion of the Defendant W. Anthony Huff and Relief Defendants Sheri Huff, Roxann Pixler, and Midwest Merger Management, LLC, for Judgment Pursuant to Federal Rule 52 [D.E. 266] and Defendant W. Anthony Huff and Relief Defendants Sheri Huff, Roxann Pixler, and Midwest Merger Management, LLC's Response in Opposition and Alternative Motion for Clarification on Issue of Page Limit of Directed Verdict Briefing or for a *Nunc Pro Tunc* Order Allowing the Filing of a Brief in Excess of Twenty Pages [D.E. 267]. The Court has reviewed the filings and is otherwise duly advised in the premises and now denies Plaintiff SEC's Motion and grants in part and denies in part Defendant and Relief Defendants' Alternative Motion.

In its Motion to Strike, the SEC complains that Defendant and Relief Defendants have filed their Motion for Directed Verdict well in excess of the 20-page limit permitted by the Local Rules

of this Court. As a consequence, the SEC protests, it will be prejudiced by having to respond to Defendant and Relief Defendants' 39-page memorandum in the one-week time frame that the Court set forth during the trial in this matter.

For their part, Defendant and Relief Defendants note that when they sought permission from the Court to file their Motion for Directed Verdict after the trial, they disclosed that the motion would be a "lengthy" one. Consequently, Defendant and Relief Defendants assert, they were under the impression that the Court and the SEC had factored the anticipated length of the brief into the briefing schedule. Defendant and Relief Defendants, therefore, urge the Court to deny the SEC's Motion to Strike and clarify that the Court took into account the lengthiness of the Motion for Directed Verdict at the time that the Court set the briefing schedule. In the alternative, Defendant and Relief Defendants seek a *nunc pro tunc* order authorizing the filing of the 39-page brief, despite this Court's Local Rules limiting briefs to twenty pages in length without the prior permission of the Court.

In resolving this matter, the Court first reviews this Court's Local Rule regarding page limitations. Local Rule 7.1.C.2, S.D. Fla., governs the length of briefs in this District. That rule provides that legal memoranda shall not exceed twenty pages in length, "absent prior permission of the Court."[1] S.D. Fla. L.R. 7.1.C.2.

Turning to the matter at hand, the Court recognizes that Defendant and Relief Defendants did, in fact, describe the Motion for Directed Verdict that they expected to file as "lengthy." That, however, does not necessarily indicate that the brief would exceed the page limit at all, let alone nearly surpass it by double. A nineteen- or twenty-page brief may also fairly be described as

---

[1] Reply memoranda shall not be longer than ten pages.

"lengthy," yet it falls within the Local Rule's page limitations. Thus, the Court clarifies that at the time of creating the briefing schedule, it did not occur to the Court to consider independently or attempt to estimate how many pages Defendant and Relief Defendants meant by "lengthy." Indeed, the Local Rules place the responsibility for seeking to exceed the Local Rules' page limit squarely on the shoulders of counsel for the filing party. This counsel did not do before filing a brief that eclipsed the twenty-page limit by nineteen pages. For this reason alone, the Court would be within its discretion in striking Defendant and Relief Defendants' Motion.

The Court, however, declines to take this step. In reaching this decision, the Court recognizes that trial in this matter spanned seven full days, encompassed hundreds of exhibits, involved several witnesses, and regarded complex issues. Under these circumstances, a 39-page Motion for Directed Verdict is not unreasonable. Consequently, had Defendant and Relief Defendants sought permission to file their 39-page Motion for Directed Verdict, this Court would have granted the Motion. While the Court could strike the Motion for Directed Verdict because Defendant and Relief Defendants neglected to follow the proper process before filing their brief, under these circumstances, where the Court would grant a motion to file the excess pages, anyway, striking the Motion for Directed Verdict, requiring Defendant and Relief Defendants to file a motion seeking permission to exceed the page limit, granting the separate motion, and then requiring Defendant and Relief Defendants to re-file their 39-page brief would just delay matters unnecessarily. Therefore, the Court will allow the 39-page filing, even though Defendant and Relief Defendants did not first seek and obtain Court permission. Defendant and Relief Defendants should be advised, however, that the Court will expect them to follow the proper procedures under this Court's Local Rules for the remainder of the case.

Although the Court will allow the filing to remain, the Court agrees that requiring the SEC to respond to the 39-page Motion for Directed Verdict within five business days is prejudicial to the SEC. To remedy this problem, the Court will allow the SEC to have until **Friday, March 19, 2010**, to respond to Defendant and Relief Defendants' Motion for Directed Verdict.

Thus, for the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that Plaintiff Securities and Exchange Commission's Motion to Strike Motion of the Defendant W. Anthony Huff and Relief Defendants Sheri Huff, Roxann Pixler, and Midwest Merger Management, LLC, for Judgment Pursuant to Federal Rule 52 [D.E. 266] is **DENIED**, and Defendant W. Anthony Huff and Relief Defendants Sheri Huff, Roxann Pixler, and Midwest Merger Management, LLC's Response in Opposition and Alternative Motion for Clarification on Issue of Page Limit of Directed Verdict Briefing or for a *Nunc Pro Tunc* Order Allowing the Filing of a Brief in Excess of Twenty Pages [D.E. 267] is **GRANTED IN PART and DENIED IN PART**, consistent with the terms of this Order. Defendant and Relief Defendants' 39-page Motion for Directed Verdict shall remain filed. Plaintiff SEC, however, shall have until **Friday, March 19, 2010**, to respond to Defendant and Relief Defendants' Motion for Directed Verdict.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 3rd day of March, 2010.

                                              **ROBIN S. ROSENBAUM**
                                              **UNITED STATES MAGISTRATE JUDGE**

cc:     All Counsel and Parties of Record