UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 08-60315-CIV-ROSENBAUM
(CONSENT CASE)

SECURITIES AND EXCHANGE COMMISSION,

   Plaintiff,

v.

W. ANTHONY HUFF,
DANNY L. PIXLER,
ANTHONY R. RUSSO,
OTHA RAY MCCARTHA, and
CHARLES J. SPINELLI,

   Defendants,

SHERI HUFF, ROXANN PIXLER,
MIDWEST MERGER MANAGEMENT, LLC, and
BRENTWOOD CAPITAL CORPORATION,

   Relief Defendants.
_____/

## FINAL JUDGMENT

This matter is before the Court on the seven-day bench trial held in this case. For the reasons set forth in the Findings of Fact and Conclusions of Law [D.E. 308] previously entered in this case, it is hereby **ORDERED, ADJUDGED, and DECREED** as follows:

**I.**

Judgment shall be entered in favor of Plaintiff Securities and Exchange Commission and against Defendant W. Anthony Huff on all counts of the Amended Complaint.

II.

**FRAUD IN VIOLATION OF SECTION 17(A)(1)-(3) OF THE SECURITIES ACT**

W. Anthony Huff, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with any of them, directly or indirectly, who receive actual notice of this Final Judgment, by personal service or otherwise, are, permanently restrained and enjoined from, directly or indirectly, in the offer or sale of O2HR or of any other security, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

(a)  knowingly employing any device, scheme or artifice to defraud;

(b)  obtaining money or property by means of any untrue statement of material fact or omission to state any material fact necessary in order to make the statement made, in light of the circumstances under which it was made, not misleading; or

(c)  engaging in any transaction, practice or course of business which operates or would operate as a fraud or deceit upon purchasers or prospective purchasers of any such security;

in violation of Sections 17(a)(1), 17(a)(2) and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), 77q(a)(2) and 77q(a)(3).

III.

**FRAUD IN VIOLATION OF SECTION 10(b) AND RULE 10b-5 OF THE EXCHANGE ACT**

W. Anthony Huff, his officers, agents, servants, employees, representatives, and all persons in active concert or participation with any of them, directly or indirectly, who receive actual

notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from, knowingly and willfully, directly or indirectly, singly or in concert, as aiders and abettors or otherwise, in connection with the purchase or sale of O2HR or of any other security, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

(a) employing any device, scheme or artifice to defraud;

(b) making any untrue statements of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) engaging in any act, practice or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5 thereunder.

## IV.

## **CONTROL PERSON LIABILITY – SECTION 20(a) OF THE EXCHANGE ACT**

W. Anthony Huff, his agents, servants, employees, attorneys, and those persons in active concert or participation with him, who receive actual notice of this Final Judgment, by personal service or otherwise, are hereby restrained and enjoined from directly or indirectly, controlling any person who violates any provision of the Exchange Act or of any rule or regulation thereunder, unless W. Anthony Huff acts in good faith and does not directly or indirectly induce the act or acts constituting the violation or cause of action; in violation of Section 20(a) of the Exchange Act, 15 U.S.C. § 78t.

V.

**OFFICER AND DIRECTOR BAR**

Pursuant to Section 21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), W. Anthony Huff is hereby permanently barred from acting as an officer or director of any issuer that has a class of securities registered with the Commission pursuant to Section 12 of the Exchange Act, 15 U.S.C. § 78l, or that is required to file reports pursuant to Section 15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

VI.

**PENNY STOCK BAR**

The Court does not impose a penny stock bar against W. Anthony Huff.

VII.

**DISGORGEMENT AND PREJUDGMENT INTEREST**

A.  Defendant W. Anthony Huff shall pay disgorgement in the amount of $10,017,000, representing the ill-gotten gains he received as a result of his violations of the federal securities laws.  In addition, Defendant W. Anthony Huff shall pay prejudgment interest in the amount of $3,000,000, for a total of $13,017,000.

B.  Relief Defendant Sheri Huff shall pay disgorgement in the amount of $3,800,000, representing illegally obtained monies to which she is not entitled.  W. Anthony Huff is jointly and severally liable for this amount.  To the extent Sheri Huff disgorges the $3,800,000 million; W. Anthony Huff's disgorgement amount will be correspondingly reduced.

C.  Relief Defendant Midwest Merger Management, LLC, shall pay disgorgement in the amount of $10,017,000, representing illegally obtained monies to which Relief Defendant

Midwest is not entitled. W. Anthony Huff is jointly and severally liable for this amount. To the extent Midwest disgorges the $10,017,000, W. Anthony Huff's disgorgement amount will be correspondingly reduced.

D. The Court enters judgment for Relief Defendant Roxann Pixler. She is not required to pay disgorgement.

## VIII.

### PAYMENT INSTRUCTIONS FOR DISGORGEMENT AND PREJUDGMENT INTEREST

Defendant W. Anthony Huff and Relief Defendants Sheri Huff and Midwest Merger Management, LLC, shall pay the disgorgement and prejudgment interest thereon ordered herein within fifteen (15) days after the entry of this Final Judgment by sending a United States postal money order, certified check, bank cashier's check or bank money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying W. Anthony Huff as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment. W. Anthony Huff shall send a copy of the letter and payment form to Christopher E. Martin, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131. W. Anthony Huff shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## IX.

## CIVIL MONEY PENALTY

Pursuant to Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, Defendant W. Anthony Huff, is hereby ordered to pay a civil money penalty in the amount of $600,000.

## X.

## PAYMENT INSTRUCTIONS FOR CIVIL MONEY PENALTY

Defendant W. Anthony Huff shall pay the civil penalty ordered herein, within fifteen (15) days after the entry of this Final Judgment, by sending a United States postal money order, certified check, bank cashier's check or bank money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying W. Anthony Huff as a defendant in this action, setting forth the title and civil action number of this action and the name of this Court, and specifying that payment is made pursuant to this Final Judgment.  W. Anthony Huff shall send a copy of the letter and payment form to Christopher E. Martin, Senior Trial Counsel, U.S. Securities and Exchange Commission, Miami Regional Office, 801 Brickell Avenue, Suite 1800, Miami, Florida 33131.  W. Anthony Huff shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.  The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## XI.

## RETENTION OF JURISDICTION

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XII.

## CERTIFICATION UNDER RULE 54(b)

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice. The Clerk's Office is directed to close this case and deny any and all pending motions as moot.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 22nd day of October 2010.

_____
**ROBIN S. ROSENBAUM**
**UNITED STATES MAGISTRATE JUDGE**

Copies to all counsel and parties of record